**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOYCE ANNE DABISH,

       Plaintiff,

                                  Case No. 02-72659

v.                                 Hon. Gerald E. Rosen

DAIMLERCHRYSLER CORPORATION,
INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, and STERLING STAMPING
PLANT UNITED AUTOMOBILE WORKERS
LOCAL 1264,

       Defendants.

_____/

**ORDER DENYING
PLAINTIFF'S MOTION TO REMAND**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       May 25, 2005      

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

In an opinion and order and accompanying judgment dated March 31, 2004, the

Court granted Defendants' motions for summary judgment and dismissed this case.

Plaintiff subsequently appealed this ruling to the Sixth Circuit Court of Appeals, and this

appeal remains pending.  Recently, Plaintiff requested that the Sixth Circuit "remand" the

case back to this Court, apparently so that she can pursue additional discovery that, in her

view, her attorney neglected to seek while the district court litigation was pending.  The

Sixth Circuit denied this motion, as well as a subsequent motion for reconsideration,

holding that Plaintiff could not abandon her appeal and resume the district court litigation

without first persuading this Court to vacate its summary judgment decision via a motion

under Fed. R. Civ. P. 60(b).

In an apparent effort to heed the Sixth Circuit's instructions, Plaintiff has filed a

May 11, 2005 motion requesting that this Court "remand" this case from the Court of

Appeals.  In essence, Plaintiff seemingly wishes to resume the litigation in this Court,

evidently so that she can conduct further discovery in support of her claims.

Unfortunately, despite the Sixth Circuit's instructions in its two recent orders, Plaintiff

has failed to suggest why an award of Rule 60(b) relief might be warranted here, or even

which subsection of this Rule might arguably apply.

Nonetheless, it is abundantly clear to this Court that no such relief can be awarded.

The relevant clause of Rule 60(b) under the circumstances is subsection (1), which

authorizes relief from a judgment that was the product of "mistake, inadvertence, surprise,

or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  More specifically, challenges to the

adequacy of an attorney's representation of a client typically are addressed under the

"mistake" or "excusable neglect" clauses of Rule 60(b)(1).  See United States v. Reyes,

307 F.3d 451, 456-58 (6th Cir. 2002); McCurry v. Adventist Health System/Sunbelt, Inc.,

298 F.3d 586, 593-95 (6th Cir. 2002); FHC Equities, L.L.C. v. MBL Life Assurance

Corp., 188 F.3d 678, 684-87 (6th Cir. 1999).  Yet, these same decisions further establish

that "clients must be held accountable for the acts and omissions of their attorneys," and

that "out-and-out lawyer blunders — the type of action or inaction that leads to successful

malpractice suits by the injured client — do not qualify as 'mistake' or 'excusable

neglect' within the meaning of [Rule 60(b)(1)]." McCurry, 298 F.3d at 594-95 (internal

quotation marks and citations omitted).

So far as can be gleaned from her motion and supporting documents, this is

precisely the theory of relief advanced by Plaintiff — namely, that she should be given a

second bite at the discovery apple because of the inadequate performance of her counsel

while this case was pending before this Court.  The courts have been unwilling to make

an exception from the usual finality of judgments under these circumstances.  See

McCurry, 298 F.3d at 595.  In addition, Plaintiff's request for relief under Rule 60(b)(1)

is untimely, as her motion was filed more than one year after the entry of the Court's

March 31, 2004 opinion and order and judgment.  Consequently, the Court finds no basis

for granting relief under Rule 60(b), and Plaintiff must pursue any challenges to this

Court's rulings via her pending Sixth Circuit appeal.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 11, 2005

motion to remand is DENIED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager